DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CASE NO. 1:05 CR 410 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>Memorandum Opinion</u> |
| | ) | |
| Natasha Walker, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The defendant entered a plea of guilty to one count of unarmed bank robbery. The advisory guideline range of 30 to 37 months is based on an offense level of 17 and a criminal history of I.

The defendant has filed a sentencing memorandum and seeks a variation under an analysis pursuant to 18 U.S.C. § 3553(a) to a sentence calling for community confinement and home detention.

An argument could be made for a downward departure based on aberrant behavior; however there is the admission of the defendant that she wrote more than the one note used in the fifth bank robbery by the co-defendant Alex Harper. Consequently, the Court declines to consider a downward departure, but will concentrate on the a consideration of the Section 3553 (a) factors.

Section 3553(a) (1) requires a consideration of the nature and circumstances of the offense. The plea agreement sets forth the "Factual Basis" supporting the defendant's plea agreement as follows:

(1:05 CR 410)

... The defendant further agrees that the facts set forth in the summary are true and could be established beyond any reasonable doubt if the case were to proceed to trial:

Beginning in June or July, 2005, defendant Natasha W. Walker prepared a series of handwritten notes for codefendant Alex Harper to use in the robberies of area banks. The notes demanded bank monies, indicated that the robber had a bomb and a gun, and instructed the bank teller to be "quiet and quick". Harper used the notes to rob several federally insured banks in the Northern District of Ohio, obtaining bank monies from the person and presence of bank teller by "force, violence or intimidation" as that phrase is used in the federal bank robbery statute. After robing the banks, Harper shared some of the proceeds from the robberies with the defendant.

On the morning of August 2, 2005, the defendant and Alex Harper drive through various Cleveland, Ohio suburbs as the two searched for a suitable bank to rob. They eventually selected the Charter One Bank at 9231 Chillicothe Road, Kirtland, Ohio. While the defendant waited nearby in the "getaway car", Harper entered the Charter One Bank and presented to the teller a white plastic bag and a handwritten note prepared by the defendant. The note stated "Don't Say a word Put all the money in the drawer in the bag. I have a bomb strapped to me and a gun in my pocket don't want to hurt you. Be Quick Quiet." The teller complied with the instructions on the note and provided Harper $1,077.00 in monies belonging to Charter One Bank. Harper exited the bank and entered the "getaway car", which the defendant then drove from the area of the bank. The defendant and Harper were stopped by police in the "getaway car" approximately 20 minutes later, at which time the proceeds from the robbery, and clothing worn by Harper in the commission of the robbery, were recovered from the vehicle.

The defendant agrees that in preparing notes for use in the robberies, in accepting proceeds from certain of the robberies, in assisting Alex Harper in locating a bank to rob on August 2, 2005, and in driving the "getaway car" following Harper's robbery of the Charter One Bank on that day, the defendant knowingly and intentionally conspired and agreed with Alex Harper to rob federally insured banks and took actions in furtherance of the plan, knowing at the time she was breaking the law. The defendant lastly agrees that the deposits of the Charter One Bank, and other banks robbed in the course of the conspiracy, were insured under the Federal Deposit Insurance Corporation at the time the respective banks were robbed.

(1:05 CR 410)

The defendant is 18 and has no criminal record other than for the instant offense.  She supports herself; she is a high school graduate with some additional education.  She became involved in the instant crime because "she was in love."   There is no indication of the possibility of repeated criminal conduct and the court is of the view that she will not engage in additional criminal conduct due to the influence of a male with whom she "is in love."

The Court is of the view that a period of confinement is necessary to reflect the seriousness of the offense of bank robbery even where the defendant plays a minor role in the bank robbery, which in this case consisted of  preparing the note intended to intimidate the teller into compliance with the demand for the bank's money.

The Court is of the view that a sentence of confinement will protect the public from further crimes of the defendant and will also provide adequate deterrence to criminal conduct by other young females "in love" who might otherwise commit similar crimes when put on notice of the fact of a term of confinement for the minor role of the defendant in the bank robbery.

The Court is of the view that the defendant is able to secure employment and is not in need to additional educational or vocational training and does not need medical care.

After considering the advisory guideline range and the factors of Section 3553(a), the

(1:05 CR 410)

Court has determined that a sentence of 18 months is a reasonable sentence in this case and it sentencing order will so provide.

     IT IS SO ORDERED.


|  December 16, 2005 |  */s/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |